IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY COOPER, | : |
|     Plaintiff | : |
|       v. | :   Case No. 3:19-cv-139-SLH-KAP |
| JOHN WETZEL, *et al.* | : |
|     Defendants | : |

<u>Report and Recommendation</u>

<u>Recommendation</u>

After screening the amended complaint, ECF no. 13, as required by 28 U.S.C. § 1915A, I recommend that the complaint be dismissed without further leave to amend against all named defendants except for Fetsko and Smith.

<u>Report</u>

The duty to review an amended complaint is the same as for the original and is set out in 28 U.S.C.§ 1915(e)(2):

(2)     Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A)     the allegation of poverty is untrue; or
    (B)     the action or appeal--
        (i) is frivolous or malicious;
        (ii)     fails to state a claim on which relief may be granted; or
        (iii)     seeks monetary relief against a defendant who is immune from such relief.

Also applicable to this case is 28 U.S.C.§ 1915A, which commands that:

(a)     Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b)     Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

The standard for the sufficiency of the complaint is prescribed by Fed.R.Civ.P. 8(a) and Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009): a plaintiff must allege facts, not merely recite the elements of a claim in a conclusory fashion, that give rise to a fair inference that his rights were violated by the defendant named in the complaint.

An inmate health care provider violates the Eighth Amendment by "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To constitute deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). *See* Pearson v. Prison Health Service, 850 F.3d 526, 538 (3d Cir.2017).

Having reviewed the allegations in the amended complaint, I find that plaintiff continues to state a claim against Fetsko. As he did in his original complaint, plaintiff alleges in the amended complaint that he is suffering from the exacerbation of his mental illness due to the prolonged isolation and harsh conditions he experiences in the Diversionary Treatment Unit (DTU) at S.C.I. Houtzdale, which is physically located in Houtzdale's RHU, and that Fetsko's response as the psychiatrist assigned to the DTU is knowingly inadequate.

Plaintiff's claims against the other defendants are inadequate. Plaintiff continues to allege in the amended complaint that defendants John Wetzel, Secretary of the Department of Corrections; Barry Smith, the Superintendent at Houtzdale; David J. Close, the Deputy Superintendent at Houtzdale; Bobbi Jo Salamon, the Deputy Superintendent at Houtzdale; and Michele Ivicic, Program Manager at Houtzdale, are aware of the inadequate conditions in the DTU at Houtzdale and are deliberately indifferent to them. Although plaintiff adds new allegations that in writing and in person he has informed these defendants of his complaints, the allegations against these defendants still do not permit the plausible conclusion that the defendants were personally involved in his injuries. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005). Further, an inmate plaintiff's conclusory allegation that a defendant knows of unsatisfactory conditions of confinement or allegations that the inmate complained or "personally complained to" or "personally informed" a defendant about an unsatisfactory condition of confinement are without more not adequate to charge a defendant with deliberate indifference. The Court of Appeals has made it clear that absent knowledge that prison medical staff are mistreating a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). That is because Farmer v. Brennan requires plaintiff to allege facts making it plausible that not only does a defendant know facts from which the inference could be drawn that a substantial risk of serious harm

2

exists, but that the defendant has also drawn the inference. It is not plausible that, presented with an inmate's complaints and nothing else, the prison official draws the inference that the inmate is a truthful and accurate reporter of conditions and thereby knows that the inmate's complaints are to be believed over the defendant's general experience that the prison is operating normally. If that were the case, Spruill v Gillis and Farmer v. Brennan would merely require a plaintiff to use a particular verbal formula. That they do not is clear from the Supreme Court's rejection in Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009), of allegations that a defendant acted "as a matter of policy, solely on account of [a plaintiff's] religion, race, and/or national origin and for no legitimate penological interest." After Iqbal v Ashcroft, the "formulaic recitation" that a defendant knows a fact is no more permissible than is the conclusory assertion of any other element of a claim.

As to defendant Smith, however, plaintiff adds allegations of an incident in which Smith automatically debited $10 from plaintiff's prison account in response to plaintiff missing meals during a hunger strike. ECF no. 13 at ¶¶ 87-90. The Third Circuit has explained:

> There is no dispute that a prisoner has a protected property interest in the funds held in his prison account, and, therefore, cannot be deprived of this property without due process of law. See Higgins v. Beyer, 293 F.3d 683, 693 (3d Cir. 2002). Generally, to comport with due process, a state must provide predeprivation procedures before taking property, regardless of the adequacy of its post-deprivation remedies. Zinermon v. Burch, 494 U.S. 113, 132, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990).

Ragland v. Comm'r N.J. Dep't of Corr., 717 Fed.Appx. 175, 177 (3d Cir. 2017). Plaintiff's due process claim against Smith for this incident, though the injury is minimal, must be permitted to go forward.

Finally, plaintiff names two additional defendants in the amended complaint, Mrs. Kupchella and Mrs. Dubler, also psychiatrists at Houtzdale. Plaintiff alleges that these two defendants failed to meet his needs when they filled in for Fetsko in the DTU. Specifically, plaintiff alleges that on December 24, 2019, Kupchella was assigned to do rounds in the DTU. ECF no. 13 at ¶ 94. After she went to the first four cells, she said, "I don't feel like doing this. I'm done," and began walking off the block. Id. Plaintiff yelled that he needed to talk to her and that she needed to do her rounds. Id. at ¶ 95. She responded, "yeah right?" and left the unit without completing her rounds. Id. Plaintiff alleges that another inmate attempted suicide in part due to Kupchella's failure to complete rounds.

Plaintiff also alleges that on December 26, 2019, Dubler came to plaintiff's cell and

3

asked him if he wanted to go to "group." Id. at ¶ 99. Plaintiff told Dubler that he needed to talk to her because he had been hearing voices. Id. Dubler told plaintiff that she was only there to sign people up for group and that she was not allowed to talk to him. Id. Dubler subsequently informed Bobbi Jo Salamon, the Deputy Superintendent of Houtzdale, that plaintiff was mad that Dubler would not talk to plaintiff. Id. at ¶ 100. Salamon told plaintiff that he had instructed Dubler not to talk to anybody and that if plaintiff needed to talk to someone, he should fill out a request slip. Id. at ¶¶ 101-103.

These allegations do not allow the inference that either Kupchella or Dubler was presented with a "condition [] so dire and obvious," Spruill v. Gillis, *supra*, 372 F.3d at 237, that their failure to provide immediate medical attention was deliberately indifferent to any serious medical need of plaintiff's, or that any injury to plaintiff resulted. The complaint should be dismissed as to them.

Pleading should not be an open-ended process of feedback from the court followed by a new version from a plaintiff, and no further amendment should be allowed.

Pursuant to 28 U.S.C.§ 636(b)(1), plaintiff can within fourteen days file written objections to this Report and Recommendation. Plaintiff is advised that in the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir.2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: September 20, 2021

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Troy Cooper BY-5707
S.C.I. Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698