IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY COOPER,<br>    Plaintiff,<br><br>v.<br><br>JOHN WETZEL, *et al.*<br>    Defendants. | :<br>:<br>:<br>: Case No. 3:19-cv-139-SLH-KAP<br>:<br>:<br>: |

## Report and Recommendation

### Recommendation

The pleading that has been docketed at ECF no. 32 as a Motion for Preliminary Injunction should be denied.

### Report

Plaintiff is an inmate at S.C.I. Phoenix who filed a complaint and an amended complaint about conditions at S.C.I. Houtzdale, where he was formerly confined. I screened the amended complaint and my recommendation, ECF no. 20, and plaintiff's objections thereto, ECF no. 28, ECF no. 29 are pending before the court. Plaintiff now seeks an injunction affecting the conditions of his confinement at Phoenix.

Plaintiff makes no attempt to comply with Rule 65 by showing not only a reasonable probability of eventual success in this litigation, but also that he will be irreparably injured if relief is not granted to him to prevent a change in the *status quo*. He cannot do so because irreparable harm is harm that cannot be redressed by a remedy following a trial. *See* Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Plaintiff is no longer at Houtzdale and not faced with irreparable harm unless the *status quo* at Houtzdale is preserved, and in fact plaintiff has no standing to request prospective relief against defendants as final relief following a trial. *See* Jones v. Unknown D.O.C. Bus Driver & Transportation Crew, 944 F.3d 478, 483 (3d Cir. 2019); Matthews v. Pennsylvania Department of Corrections, 827 Fed.Appx. 184, 186–87 (3d Cir. 2020), *both citing* City of Los Angeles v. Lyons, 461 U.S. 95, 104–05 (1983) (holding no actual controversy existed for prospective relief where a citizen who alleged that he was subjected by police to an illegal chokehold and "assert[ed] that he may again be subject" to an illegal chokehold). If the remaining defendants (or even all the defendants that I recommend being dismissed from the litigation) are found liable to plaintiff, they will be liable for money damages only.

*A fortiori*, plaintiff has no standing to request prospective relief against defendants as preliminary relief. Nor can plaintiff use the pendency of this matter as a vehicle for litigating claims against nondefendants. If plaintiff's current mental health care is the subject of a proper motion for injunctive relief, it would have to be filed within litigation (if in federal court, in the Eastern District of Pennsylvania) with the persons currently responsible for plaintiff's mental health care.

Pursuant to 28 U.S.C.§ 636(b)(1), plaintiff can within fourteen days file written objections to this Report and Recommendation. Plaintiff is advised that in the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: June 14, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Troy Cooper BY-5707
S.C.I. Phoenix
1200 Mokychic Drive
Collegeville, PA 19426