## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TROY COOPER,                               )
                                           )
              Plaintiff,                   )
                                           )
       vs.                                 )      Civil Action No. 3:19-cv-139
                                           )      Judge Stephanie L. Haines
JOHN WETZEL, *et al.*                      )      Magistrate Judge Keith A. Pesto
                                           )
              Defendants.                  )

## MEMORANDUM ORDER

This is a civil rights case brought under 42 U.S.C. §1983 by Troy Cooper ("Plaintiff")

relating to alleged harsh conditions he experienced while incarcerated at State Correctional

Institution- Houtzdale ("SCI- Houtzdale"). This matter was referred to Magistrate Judge Keith A.

Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local

Civil Rule 72.D.

Plaintiff commenced this action on August 28, 2019, by filing a motion for leave to proceed

*in forma pauperis* that attached his complaint as an exhibit thereto (ECF No. 1). Plaintiff failed to

attach an inmate account statement with his motion for leave to proceed *in forma pauperis*, and

Magistrate Judge Pesto recommended the case be dismissed for failure to prosecute if Plaintiff did

not submit an inmate account statement within fourteen days (ECF No. 4). On March 4, 2020,

Magistrate Judge Pesto granted Plaintiff leave to proceed *in forma pauperis* (ECF No. 9) as

Plaintiff appropriately submitted a complete motion to do so, however, after screening the

complaint (ECF No. 10) under 28 U.S.C. §1915A, Magistrate Judge Pesto recommended the

complaint be dismissed as to all Defendants except for Defendant Fetsko, who is described by

Plaintiff as a psychiatrist assigned to the Diversionary Treatment Unit ("DTU") of SCI-Houtzdale.

Magistrate Judge Pesto recommended such dismissal be without prejudice for Plaintiff to amend

1

his complaint, and on April 22, 2020, Plaintiff then filed an amended complaint (ECF No. 13).

Plaintiff's amended complaint names the following persons as Defendants: John Wetzel, Bobbi Jo Solomon, Mr. Fetsko, Michelle Ivicic, Barry Smith, David J. Close, Mrs. Kupchella, and Mrs. Dubler. *See id.* In his amended complaint (ECF No. 13), Plaintiff alleges Defendants are liable for the exacerbation of his mental illness due to prolonged isolation and the harsh conditions he experienced in the DTU at SCI-Houtzdale. On September 20, 2021, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 20) recommending all Defendants, except for Defendant Fetsko and Defendant Barry Smith, should be dismissed and that the dismissal of those Defendants should be without further leave to amend. Plaintiff was notified he had fourteen days to file objections to Magistrate Judge Pesto's Report and Recommendation (ECF No. 20) pursuant to 28 U.S.C.§636 (b)(1). Plaintiff did not file objections, and on October 13, 2021, the Court adopted Magistrate Judge Pesto's Report and Recommendation (ECF No. 20) as the Opinion of the Court and dismissed with prejudice Plaintiff's claims against Defendants John Wetzel, Bobbi Jo Solomon, Michelle Ivicic, David J. Close, Mrs. Kupchella, and Mrs. Dubler (ECF No. 22).

On November 3, 2021, Plaintiff filed a Motion for Reconsideration and Motion for Leave to File Objections to the Report and Recommendation (ECF No. 23). In his motion, Plaintiff alleged he had failed to receive the Report and Recommendation (ECF No. 23) because he had been transferred to SCI-Phoenix, though he did not advise the Court of his transfer. On November 18, 2021, the Court granted Plaintiff's Motion for Reconsideration and Motion for Leave to File Objections to the Report and Recommendation and ordered Plaintiff to file objections to the Report and Recommendation on or before December 20, 2021 (ECF No. 27).

On December 22, 2021, Plaintiff filed his Objections (ECF No. 28) and a Brief in Support of his Objections (ECF No. 29). In his Brief (ECF No. 29), Plaintiff stated he had not received a

copy of Magistrate Judge Pesto's Report and Recommendation filed at ECF No. 20.  Accordingly, the Court ordered the Clerk to mail a copy of the Report and Recommendation filed at ECF No. 20 to Plaintiff and ordered Plaintiff to file any additional objections by May 9, 2022 (ECF No. 30).

On June 8, 2022, Plaintiff filed a Motion for Leave to File Amended Complaint (ECF No. 31) wherein he sought leave of Court to file an amended complaint to add defendants and more severe constitutional violations before the Court rules on Magistrate Judge Pesto's Report and Recommendation filed at ECF No. 20.  Plaintiff stated he wished to amend his pleadings because, since the filing of his first amended complaint, Plaintiff has been transferred and placed in a more restrictive and unconstitutional unit (ECF No. 31).  Plaintiff's motion attaches a proposed amended complaint (ECF No. 31-2).[1]  On June 28, 2022, Magistrate Judge Pesto, in a Memorandum Order (ECF No. 38), denied Plaintiff's Motion for Leave to file an Amended Complaint stating that Plaintiff sought to add unexhausted claims and claims unrelated to the current proceedings and suggested that Plaintiff properly raise new claims in a new complaint filed in the proper venue. As such, the Court will now reconsider Magistrate Judge Pesto's Report and Recommendation (ECF No. 20) in light of Plaintiff's Objections (ECF No. 28) and supporting Brief (ECF No. 29).

## II.    Legal Standard

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866

---

[1] On this same date, Plaintiff filed a Motion for Preliminary Injunction (ECF No. 32), Declaration in Support of the Motion for Preliminary Injunction (ECF No. 33), and Memorandum in Support of the Motion for Preliminary Injunction (ECF No. 34). On June 14, 2022, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 35) recommending Plaintiff's Motion for Preliminary Injunction (ECF No. 32) be denied, and Plaintiff's objections to that Report and Recommendation are due by July 1, 2022.

F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

### III. Analysis

The Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter. The Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) (citations omitted). The test for deliberate indifference is two-fold: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Allegations of mere negligent treatment, including medical malpractice, do not trigger the protections of the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06. Furthermore, a prisoner's medical treatment is presumed to be proper "absent evidence that it violates professional standards of care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (citation omitted).

In *Thomas v. Tice*, 948 F.3d 133 (3d Cir. 2020), the Third Circuit stated it recently adopted a subjective knowledge standard to establish deliberate indifference, which requires a showing that prison officials actually knew of and disregarded constitutional violations. The Third Circuit describes the standard as follows:

> This standard is consistent with the general standard for liability which requires a showing that each defendant was personally involved in the alleged wrongdoing.

*Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* A defendant's knowledge of a risk to health and safety "can be proved indirectly by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). When considering whether conditions of confinement violated the Eighth Amendment, we recognize that "the Constitution does not mandate comfortable prisons, and prisons ... which house persons convicted of serious crimes, cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347.

*Thomas v. Tice*, 948 F.3d 133, 138-39 (3d Cir. 2020).

In his objections, Plaintiff states Defendants Wetzel, Close, Solomon, and Ivicic all had knowledge of every action committed by Defendant Fesko, and that Plaintiff has sufficiently pleaded their personal involvement and/or actual knowledge of the alleged unconstitutional conditions of his confinement. However, he has failed to cite to any facts in support of his conclusory allegations as to these Defendants.

As to Defendants Kupchella and Dubler, who Plaintiff alleges were SCI Houtzdale psychiatrists who filled in for Defendant Fetsko, Plaintiff has failed to plead sufficient facts to show that their alleged failure to treat Plaintiff rises to the level of being deliberately indifferent to a serious medical need. *See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (finding prisoner's disagreement with the course of treatment does not create an actionable constitutional violation).

The Court will dismiss all Defendants with the exception of Defendant Fetsko and Defendant Smith. Magistrate Judge Pesto appropriately determined that Plaintiff stated a claim against Defendant Fetsko for his deliberate indifference to the effects of the DTU on Plaintiff, and against Defendant Smith for his alleged debit of $10.00 from Plaintiff's prison account.

Magistrate Judge Pesto also correctly determined that further amendment of the claims

against Defendants Wetzel, Close Salamon, Ivicic, Kupchella, and Dubler is not warranted as the record reflects such amendment would be futile. Plaintiff has already been permitted an opportunity to amend his claims against these Defendants, and Plaintiff's Amended Complaint filed at ECF No. 13 fails to plead any facts supporting Plaintiff's conclusory allegations as to these Defendants.

## ORDER

AND NOW, this 1st day of July, 2022, IT IS HEREBY ORDERED that Plaintiff's Objections (ECF No. 28 and 29) are OVERRULED and that for the reasons set forth in Magistrate Judge Pesto's Report and Recommendation (ECF No. 20), which is adopted in whole as the opinion of the Court, Plaintiff's claims against Defendants John Wetzel, Bobbi Jo Solomon, Michelle Ivicic, David J. Close, Mrs. Kupchella, and Mrs. Dubler are hereby DISMISSED WITH PREJUDICE.

Stephanie L. Haines
United States District Judge